**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
Tel: 212-286-0225

---------------------------------------------------------------

| | |
|---|---|
| MARCO CAPITAL, INC. and MICKEY GROUP, INC. | ) ) ) UNITED STATES DISTRICT COURT |
| | ) DISTRICT OF NEW JERSEY |
| Plaintiffs, | ) |
| | ) Case No: |
| - against - | ) |
| | ) |
| M/V ZHEN ZHU HAI, her tackle, boilers, engines etc. *in rem*; PAN OCEAN CO. LTD.; and SOUTH JERSEY PORT CORP., *in personam* | ) ) **COMPLAINT** ) |
| | ) |
| Defendants. | ) |

---------------------------------------------------------------

Plaintiffs, by and through their attorneys, CASEY & BARNETT, LLC, as and for their Complaint, allege upon information and belief as follows:

## JURISDICTION

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. § 1333. Jurisdiction is also predicated upon 28 U.S.C. § 1367.

## PARTIES

2.      At all material times, Marco Capital, Inc. (hereinafter "Marco" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with its principal place of business located at 1111 Brickell Avenue, Miami, FL 33131, and was the owner and or receiver of a consignment of MDF Blockboard, as more specifically described below.

3.      At all material times, Mickey Group, Inc. (hereinafter "Mickey" or "Plaintiff")
was and is a corporation organized and existing by virtue of the laws of a foreign state with an
office and place of business located at 110 Bank Street, New York, New York 10014 and was
the owner and or consignee of a consignment of MDF Blockboard, as more specifically
described below.

4.      At all material times, defendant M/V ZHEN ZHU HAI (hereinafter "the Vessel"
or "Vessel Defendant") is an ocean going break bulk carrier, that carried the consignment of
MDF Blockboard from Indonesia to Camden, New Jersey, as more specifically described below
and may or will be within this Court's jurisdiction during the pendency of this action.

5.      At all material times, defendant Pan Ocean Co. Ltd. (hereinafter "Pan Ocean" or
"Defendant") was and is a corporation with an office and place of business c/o Norton Lilly
International, 4009 Market Street, Ste F, Aston, PA 19014, and at all times was and is doing
business within the jurisdiction of this Court and was acting as a common carrier of goods for
hire.

6.      At all material times, defendant South Jersey Port Corporation (hereinafter
"SJPC" or "Defendant") was and is a corporation with an office and place of business located at
2500 Broadway, Camden, New Jersey 08104 and at all times was and is doing business within
the jurisdiction of this Court and is a one stop marine terminal offering logistics and warehouse
services to the marine industry.

**RELEVANT FACTS**

7.      On or about January 20, 2022 a consignment consisting of 415 Packages MDF
Blockboard, then being in good order and condition, were delivered to Pan Ocean and/or its
agents in Jakarta, Indonesia by cargo shipper PT. Undi Uniwood Industry. The cargo was booked

for transit on board the M/V ZHEN ZHU HAI in Tanjung Priok Port, Indonesia destined for Camden, New Jersey, all in consideration of an agreed upon freight, all pursuant to Pan Ocean bill of lading POBUJKTCDN211200 dated January 20, 2022.

8. Thereafter the cargo was loaded on board the M/V ZHEN ZHU HAI on or about January 20, 2022, the aforementioned Pan Ocean bill of lading was issued and the vessel sailed for her intended destination.

9. The M/V ZHEN ZHU HAI arrived in the port of Camden, New Jersey on or about April 11, 2022 and discharged various cargoes during the period from April 11, 2022 to April 24, 2022.

10. Plaintiff's cargo, and, upon information and belief, various other cargoes discharged from the M/V ZHEN ZHU HAI, were all stored at defendant SJPC's warehousing premises.

11. Upon information and belief, an extensive OS&D report, issued in regard to cargo discharged from the M/V ZHEN ZHU HAI in Camden, evidenced numerous cargoes with water or wetting damage, including plaintiff's cargo, at the time of discharge of said cargoes from the ocean vessel.

12. Neither vessel interests or SJPC provided notice to Plaintiffs that its cargo had arrived in a wetted and damaged condition.

13. Plaintiff's acting is if the product was in good condition, had it remain in storage at SJPC until it was needed by its end use customer. In October 2022, Mickey Group arranged for the delivery of 36 crates to its end use customer. When the cargo arrived, it was found to be in a wet and damaged condition. The customer sent a notice of claim to Mickey on or about

November 3, 2022 informing of same. This was Plaintiff's first indication that the cargo had suffered damage.

14.     By email dated November 9, 2022, SJPC informed Plaintiffs that its cargo had indeed arrived in a wet and damaged condition when discharged from the vessel in April 2022.

15.     The cargo was thereafter inspected by surveyors, and it was determined that 376 crates were deemed to be a constructive total loss. Damages are estimated to be in the amount of approximately $515,000.00.

16.     The damage to the cargo was not the result of any act or omission of the plaintiff, but, to the contrary, was due solely as the result of negligence, fault, neglect, breach of the contract of carriage and bailment on the part of defendants and /or their agents.

17.     By reason of the foregoing, Plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $515,000.00.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST
### M/V ZHEN ZHU HAI AND PAN OCEAN

18.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in Paragraphs 1 through 17, inclusive, as if herein set forth at length.

19.     Pursuant to the contract of carriage entered into by and between Pan Ocean and the cargo owners, Pan Ocean and the Vessel Defendant owed contractual and statutory duties to the aforementioned cargo owners to carry, bail, keep and care for, protect and deliver, the Plaintiff's cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

20.     Pan Ocean and Vessel Defendant breached its contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the

same good order and condition as at the time said Defendants first accepted custody and control of the goods.

21.     As a direct and proximate result of said breach of contract by Pan Ocean and Vessel Defendant, the Plaintiffs have suffered damages presently estimated to be no less than $515,000.00.

22.     By reason of the foregoing, Plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $515,000.00.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST SJPC**

23.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 17, inclusive, as if herein set forth at length.

24.     At the time of the aforementioned incident, SJPC was acting as, *inter alia*, a warehouse and logistics provider.

25.     In April 2022, when plaintiffs' cargo was discharged from the vessel and placed into the custody and control of SJPC, SJPC was acting as a bailee of plaintiff's cargo, and had a duty to safely and properly store, bail, keep, protect plaintiff's cargo. Defendant also had a duty to ensure that the services provided for the cargo were performed with reasonable care and in an non-negligent and workmanlike manner.

26.     Defendant SJPC breached its duties and obligations as bailee when it knowingly accepted wet and damaged cargo and failed to provide any notification to Plaintiffs in order that prompt remediation efforts could be undertaken. Rather, SJPC allowed the cargo remain in its arrival condition and then arrange for its departure to Plaintiffs' customers, without making any notification of the damage.

27.     Defendant SJPC breached its duties and obligations as bailee when it failed to timely inform Plaintiff that its cargo had arrived in a wet and damaged condition. The failure to provide prompt notice to Plaintiff resulted in further damage and depreciation of the cargo.

28.     As a direct and proximate result of said breach of bailment and negligence on the part of SJPC, the Plaintiffs have suffered damages presently estimated to be no less than $515,000.00.

29.     By reason of the foregoing, Plaintiff has sustained looses which will be shown with specificity and trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $515,000.00.


WHEREFORE, Plaintiff prays:

1.     That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2.     That judgment may be entered in favor of Plaintiffs against Defendants for the amount of Plaintiff's damages in the amount of at least $515,000.00, together with interest, costs and the disbursements of this action; and

3.      That this Court grant to Plaintiff such other and further relief as may be just and

proper.

Dated:  New York, New York
        April 10, 2023
        176-95


                                CASEY & BARNETT, LLC
                                Attorneys for Plaintiff

                        By:     _Martin Casey_
                                Martin F. Casey
                                305 Broadway, Ste 1202
                                New York, New York 10007
                                (212) 286-0225